NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| JOSEPH ARUANNO, | : | |
| | : | **Civil Action No. 21-5895 (CCC)** |
| Petitioner, | : | |
| | : | |
| v. | : | **MEMORANDUM AND ORDER** |
| | : | |
| STATE OF NEW JERSEY, et al., | : | |
| | : | |
| Respondents. | : | |

**CECCHI, District Judge.**

*Pro se* Petitioner Joseph Aruanno is currently subject to civil commitment at the Special Treatment Unit in Avenel, New Jersey, pursuant to the Sexually Violent Predators Act ("SVPA"), N.J.S.A. 30:4-27.24 *et seq.* This matter originally came before the Court pursuant to the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254, alleging that Petitioner had not received his annual review of his commitment and had been denied counsel. ECF No. 1. This Court administratively terminated the action for Petitioner's failure to include a filing fee or application to proceed *in forma pauperis* ("IFP"). ECF No. 2.

Currently before the Court is Petitioner's subsequent motion for leave to proceed as indigent, in substance an IFP application and request to reopen. ECF No. 3. Petitioner having now demonstrated indigence through the submission of an affidavit and account statement, ECF No. 3-1, the Court will grant Petitioner's application and reopen the action. The Court also having screened the petition for summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases and having determined that pre-answer dismissal is unwarranted,

**IT IS** on this 14th day of February, 2022,

**ORDERED** that Petitioner's request to reopen this matter and to proceed *in forma pauperis* (ECF No. 3) is **GRANTED**, and the Clerk of Court shall reopen the matter; and it is further

**ORDERED** that the Clerk of the Court shall serve, pursuant to Rule 4 of the Habeas Rules, a Notice of Electronic Filing of this Order on the State of New Jersey, Department of Law & Public Safety, Division of Criminal Justice, Appellate Bureau ("the Bureau"), in accordance with the Memorandum of Understanding between this Court and the Bureau; and it is further

**ORDERED**, also in accordance with the Memorandum of Understanding, that if the Bureau intends to refer the action to a County Prosecutor's Office, the Bureau will use its best efforts to upload to CM/ECF a "referral letter" indicating the name of that office within fourteen (14) calendar days from the date of the Order to Answer; and it is further

**ORDERED** that, where the petition appears to be untimely under the Antiterrorism and Effective Death Penalty Act of 1996, within forty-five (45) days of the date this Order is filed, Respondents may file a Motion to Dismiss the petition on timeliness grounds only, provided that the motion: (1) attaches exhibits that evince all relevant state court filing dates; (2) contains legal argument discussing pertinent timeliness law; and (3) demonstrates that an Answer to the merits of the petition is unnecessary; and it is further

**ORDERED** that, if a Motion to Dismiss is filed, Petitioner shall have thirty (30) days to file an opposition brief, in which Petitioner may argue any bases for statutory and/or equitable tolling, and to which Petitioner may attach any relevant exhibits; and it is further

**ORDERED** that, if Petitioner files an opposition, Respondents shall have ten (10) days to file a reply brief; and it is further

**ORDERED** that, if the Motion to Dismiss is subsequently denied, the Court will then direct Respondents to file a full and complete answer to all claims; and it is further

**ORDERED** that if Respondents do not file a Motion to Dismiss the petition, they shall file a full and complete answer to all claims asserted in the petition within forty-five (45) days of the entry of this Order; and it is further

**ORDERED** that Respondent's answer shall respond to each factual and legal allegation of the Petition, in accordance with Habeas Rule 5(b); and it is further

**ORDERED** that Respondent's answer shall address the merits of each claim raised in the petition by citing to relevant <u>federal</u> law; and it is further

**ORDERED** that, in addition to addressing the merits of each claim, Respondents shall raise by way of their answer any appropriate defenses which they wish to have the Court consider, including, but not limited to, exhaustion and procedural default, and also including, with respect to the asserted defenses, relevant legal arguments with citations to appropriate federal legal authority; all non-jurisdictional affirmative defenses subject to waiver not raised in Respondent's answer or at the earliest practicable moment thereafter may be deemed waived; and it is further

**ORDERED** that Respondent's answer shall adhere to the requirements of Habeas Rule 5(c) and (d) in providing the relevant state court record of proceedings, including any pro se filings; and it is further

**ORDERED** that the answer shall contain an index of exhibits identifying each document from the relevant state court proceedings that is filed with the answer; and it is further

**ORDERED** that Respondents shall electronically file the answer, the exhibits, and the list of exhibits; and it is further

**ORDERED** that all exhibits to the Answer must be identified by a descriptive name in the electronic filing entry, for example:

**"Exhibit #1 Transcript of [type of proceeding] held on XX/XX/XXXX" or**

**"Exhibit #2 Opinion entered on XX/XX/XXXX by Judge YYYY"**; and it is further

**ORDERED** that Petitioner may file and serve a reply to the answer within forty-five (45) days after Respondents file the answer, *see* Habeas Rule 5(e); and it is further

**ORDERED** that, within seven (7) days after any change in Petitioner's custody status, be it release or otherwise, Respondents shall electronically file a written notice of the same with the Clerk of the Court; and it is finally

**ORDERED** that the Clerk of the Court shall serve a copy of this Order on Petitioner by regular mail.

SO ORDERED

s/ Claire C. Cecchi
**Claire C. Cecchi, U.S.D.J.**