<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH ARUANNO, <br><br> Plaintiff, <br><br> v. <br><br> STATE OF NEW JERSEY, *et al.*, <br><br> Defendants. | No. 21cv5895 (EP) (LDW) <br><br> **MEMORANDUM ORDER** |

**PADIN, District Judge.**

This is a civil rights action under 42 U.S.C. § 1983 brought by *pro se* Plaintiff Joseph Aruanno, a civilly-committed sex offender in the Special Treatment Unit ("STU") in Avenel, New Jersey. This matter comes before the Court on Plaintiff's appeal of the Honorable Magistrate Judge Wettre's March 25, 2024 order denying without prejudice Plaintiff's motion for the appointment of *pro bono* counsel. D.E. 34 ("Order"); D.E. 37 ("Appeal"). The Court decides the Appeal without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). Having considered the Appeal and all relevant items on the docket, and for the reasons set forth below, the Court will **DENY** the Appeal.

**I.    BACKGROUND**

    **A.    Initial Action and First Motion to Appoint *Pro Bono* Counsel**

Plaintiff originally brought this action in March 2021 as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Order at 1; D.E. 1, Petition for Writ of Habeas Corpus. The Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"). D.E. 8.

Plaintiff brought his first motion to appoint *pro bono* counsel on March 21, 2022. D.E. 16. The Court denied the motion without prejudice, finding that "(1) plaintiff 'is a frequent litigant in

this District and is very familiar with court procedures,' having filed no less than 39 civil actions and 45 appeals; (2) the legal issues presented 'are not especially difficult'; (3) there is no evidence that plaintiff is legally incapacitated; and (4) plaintiff 'has amply demonstrated his ability to present his case' notwithstanding his alleged Covid-related medical limitations." Order at 2 (quoting D.E. 19, Order Denying Plaintiff's First Motion to Appoint *Pro Bono* Counsel).

B. **The Court Denies Plaintiff's Habeas Petition, Plaintiff Appeals, and the Third Circuit Remands the Case**

On May 30, 2023, the Court denied Plaintiff's habeas petition due to unexcused procedural default. Order at 1 (citing D.E.s 22, 23). Plaintiff appealed. D.E. 25. On November 14, 2023, the United States Court of Appeals for the Third Circuit vacated the Court's order and remanded to allow Plaintiff to pursue his claims pursuant to 42 U.S.C. § 1983. Order at 1 (citing *Aruanno v. New Jersey*, No. 23-2226, 2023 WL 7547734 (3d Cir. Nov. 14, 2023) (per curiam)).

Consistent with the Third Circuit's decision, *Aruanno*, 2023 WL 7547734, on February 8, 2024, this Court directed Plaintiff to file an amended complaint pursuant to 42 U.S.C. § 1983 by March 29, 2024. Order at 1 (citing D.E. 30). Plaintiff has not yet filed an amended complaint.

C. **Plaintiff's Second Motion to Appoint *Pro Bono* Counsel is Denied and Plaintiff Appeals**

Instead, on March 5, 2024, Plaintiff filed a new motion to appoint *pro bono* counsel, D.E. 32 ("Motion" or "Mot."). Judge Wettre denied the Motion on March 25, 2024. Order. Plaintiff moved to reconsider the Order on April 19, 2024. D.E. 35 ("Motion for Reconsideration"). On May 7, 2024, Judge Wettre denied the Motion for Reconsideration, finding that Plaintiff failed to cite any "change in controlling law or new evidence of his alleged incapacity at the time his second motion for appointment of counsel was denied" but instead "reiterated arguments the Court has twice considered and rejected, raising no grounds for reconsideration." D.E. 36 at 3.

2

Plaintiff now appeals Judge Wettre's Order denying his Motion. Appeal. Defendants take no position. D.E. 39.[1]

## II. LEGAL STANDARD

A district court may designate a magistrate judge to hear and determine any non-dispositive, pretrial matter pending before the district court. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *EEOC v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017). On appeal, a district court's scope of review is narrow. *Spring Creek Holding Co. v. Keith*, No. 02-376, 2006 WL 2403958, at *2 (D.N.J. Aug. 18, 2006); *see also NLRB v. Frazier*, 966 F.2d 812, 815 (3d Cir. 1992) (noting "the magistrate judge is accorded with wide discretion").

Typically, a district court will only modify a magistrate judge's order, in whole or in part, where the order is either "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A). Under this standard, findings of fact are reviewed for clear error and findings of law are reviewed *de novo*. *City of Long Branch*, 866 F.3d at 99. However, "[w]here a magistrate judge is authorized to exercise his or her discretion, the decision will be reversed only for an abuse of discretion." *Kounelis v. Sherrer*, 529 F. Supp. 2d 503, 518 (D.N.J. 2008). An abuse of discretion occurs "when the judicial action is arbitrary, fanciful or unreasonable, which is another way of saying that discretion is abused only where no reasonable man would take the view adopted by the trial court." *Lindy Bros. Builders v. American Radiator & Standard Sanitary Corp.*, 540 F.2d 102, 115 (3d Cir. 1976).

---

[1] On August 27, 2024, Plaintiff filed a letter titled "FINAL NOTICE." D.E. 40. The letter generally complains about the litigation process and the length of time it has taken to litigate this case. The Court does not construe the letter as a reply brief. Even were it to be considered as a reply, it is untimely as any reply was due on June 24, 2024. D.E. 38.

District courts have "broad discretion" to appoint counsel to represent an indigent litigant in a civil case. *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). Because the Magistrate Judge was authorized to exercise her discretion in deciding whether to appoint *pro bono* counsel, the Order is reviewed for abuse of discretion. *See id.* at 158; *Kounelis*, 529 F. Supp. 2d at 518.

## III. ANALYSIS

On appeal, Plaintiff relies on his underlying Motion and Motion for Reconsideration. Appeal. Plaintiff also argues that the case's age and the fact that he is civilly committed weigh in favor of appointing counsel. *Id.* Because the Court agrees with Judge Wettre's Order and finds that it is not an abuse of discretion, it will **DENY** Plaintiff's Appeal.

District courts have broad discretion to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). *See also Tabron*, 6 F.3d 147, 153. In *Tabron*, the Third Circuit set forth the criteria district courts should apply in exercising this discretion. As a threshold matter, the court must first determine whether the plaintiff's claim has "arguable merit in fact and law." *Id.* at 155. If it does, the court should then consider the following factors: (1) the "plaintiff's ability to present his or her case" absent counsel; (2) the "difficulty of the particular legal issues"; (3) the "degree to which factual investigation will be required and the ability of the indigent plaintiff to pursue such investigation"; (4) whether the case is "likely to turn on credibility determinations"; (5) whether the case will "require testimony from expert witnesses"; and of course (6) whether "counsel is easily attainable and affordable by the litigant." *Id.* at 155-56, 157 n.6.

Judge Wettre correctly identified and applied this test. Order at 2. As a threshold matter, the Third Circuit has already found that Plaintiff's claims are "cognizable under § 1983." *Aruanno*, 2023 WL 7547734, at *2. Like the Third Circuit, this Court does not express an opinion on the

strength of Plaintiff's claims but, since they are cognizable, there is at least "arguable" merit such that the Court may proceed to consider the other *Tabron* factors.  Furthermore, as Plaintiff is proceeding IFP, Plaintiff is unlikely to be able to afford to hire counsel.  However, Judge Wettre correctly found that Plaintiff's "'indigence alone does not support the appointment of counsel.'" Order at 3 (quoting *Shepherd v. Ambrosino*, No. 07-4968, 2009 WL 2488184, at *1 (D.N.J. Aug. 11, 2009)).

Judge Wettre correctly determined that Plaintiff can proceed without counsel, at least at this stage of the case.  After serving a ten-year sentence for second-degree assault in New Jersey, in 2005, Plaintiff was civilly committed as a sexually violent predator pursuant to the Sexually Violent Predator Act ("SVPA"), N.J. Stat. Ann. § 30:4-27.24 *et seq*.  *Aruanno*, 2023 WL 7547734, at *1.  Plaintiff alleges in this action that he was denied annual review hearings and the appointment of counsel required by the SVPA.  *Id.*  The Court agrees that the legal issues here are "straightforward and familiar to [P]laintiff, who has filed numerous § 1983 actions in the past." Order at 3 (citing *Aruanno v. New Jersey*, No. 06-296, 2009 WL 2595603 (D.N.J. Aug. 20, 2009) (dismissing plaintiff's § 1983 claims)).  The factual issues are also quite straightforward, and the Court agrees that Plaintiff has not demonstrated why he would be unable to conduct the factual investigation required.  *See* Order at 3.  The Court also agrees that "there is nothing in the record to suggest that any discovery in this matter would be complicated or unduly burdensome." *Id.*

Plaintiff argues that he requires counsel because he purportedly "lacks the ability to proceed properly or fairly or to make any effective presentations of proof" because "he has been placed on heavy doses of medication" rendering him "very limited," "sick from the medications all the time," "sleeping most of the time," and totally incapacitated at this time." Mot.  However, the Court already considered and rejected these arguments in addressing plaintiff's first motion to

5

appoint *pro bono* counsel, finding that he did not put forward "verifiable evidence of incompetence" as required.  D.E. 19 at 3 (first quoting *Powell v. Symons*, 680 F.3d 301, 307 (3d Cir. 2012) then citing *Aruanno v. Johnson*, 683 F. App'x 172, 176 (3d Cir. 2017) ("Despite his bald allegations, we have in the past affirmed a decision that found no evidence that Aruanno is legally incompetent, and he has not presented us with any new evidence of ineptitude.")).  Just like Plaintiff's prior attempts to have courts appoint *pro bono* counsel, here too he fails to put forward any evidence of incompetence.  Indeed, in denying Plaintiff's Motion for Reconsideration, Judge Wettre noted Plaintiff is a "frequent litigator" and his "filings are understandable and sufficiently apprise the Court of the issues to be resolved."  D.E. 36 at 3.

Given the early procedural posture of this case, with discovery not having commenced, the Court also agrees with Judge Wettre that it is "premature to determine whether this case may solely turn on credibility determinations" and that there is no indication that expert testimony will be required.  Order at 3.  Finally, despite Plaintiff's argument to the contrary, the age of the case and the fact that Plaintiff is civilly committed do not justify appointing counsel now.

Therefore, Judge Wettre's Order was correct on the facts and the law and was clearly not an abuse of discretion.[2]

## IV. CONCLUSION AND ORDER

For the foregoing reasons, **IT IS**, on this ___ day of _____, 2024,

**ORDERED** that Plaintiff's Appeal, D.E. 37, is **DENIED** and the Magistrate Judge's Orders, D.E.s 34, 36, are **AFFIRMED**; and it is further

---

[2] To the extent the Appeal also challenges Judge Wettre's Order denying Plaintiff's Motion for Reconsideration, the analysis is substantively identical to the underlying Order so the Court will also **AFFIRM** the Order denying Plaintiff's Motion for Reconsideration, D.E. 36.

6

**ORDERED** that Plaintiff may file an amended complaint asserting claims pursuant to 42 U.S.C. § 1983 within 45 days of this Memorandum Order; and it is further

**ORDERED** that if Plaintiff does not timely file an amended complaint, the Court shall construe the petition, D.E. 1, as asserting claims under 42 U.S.C. § 1983 consistent with the Third Circuit opinion in *Aruanno v. New Jersey*, No. 23-2226, 2023 WL 7547734 (3d Cir. Nov. 14, 2023) (per curiam); and it is further

**ORDERED** that Defendants shall answer, move, or otherwise respond within 21 days of service of a timely-filed amended complaint, or within 21 days of the expiration of Plaintiff's deadline to file an amended complaint, whichever is sooner; and it is finally

**ORDERED** that the Clerk of the Court shall mail a copy of this Memorandum Order to Plaintiff.

Dated: September 5, 2024

                                                                                      Evelyn Padin, U.S.D.J.