<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JOSEPH ARUANNO, | |
| Plaintiff, | |
| v. | No. 21cv5895 (EP) (LDW) |
| STATE OF NEW JERSEY, *et al.*, | **OPINION** |
| Defendants. | |

**PADIN, District Judge.**

*Pro se* Plaintiff Joseph Aruanno ("Aruanno"), a civilly committed person in the Special Treatment Unit ("STU")[1] in Avenel, New Jersey, brings this action in his First Amended Complaint under 42 U.S.C. § 1983 against the State of New Jersey (the "State") and John and Jane Doe Defendants ("Doe Defendants") (collectively, "Defendants").[2]  D.E. 42 ("FAC").  Aruanno alleges that Defendants denied him annual reviews of his involuntary civil commitment and failed to provide him with legal representation in certain appellate proceedings, in violation of his right to procedural due process under the Fourteenth Amendment.  *Id.*

---

[1] "The STU is a secure facility designated for the custody, care and treatment of sexually violent predators pursuant to the Sexually Violent Predator Act ('SVPA'), N.J. Stat. Ann. 30:4-27.24 to -27.38." *Matter of Civil Commitment of R.T.*, No. A-4263-18T3, 2020 WL 1496821, at *1 n.1 (N.J. Super. Ct. App. Div. March 27, 2020).

[2] The Third Circuit reversed and remanded this Court's Opinion and Order denying Aruanno's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (D.E. 1, "Petition"), D.Es. 22 ("Habeas Opinion") & 23 ("Habeas Order"), holding that the Petition contained claims "which seek to vindicate processes and not to effectuate a change of custody" and therefore "are properly construed as arising under § 1983." *Aruanno v. New Jersey*, No. 23-2226, 2023 WL 7547734, at *2 (3d Cir. Nov. 14, 2023).  The Court therefore construes the claims in this action as arising under 42 U.S.C. § 1983 and now refers to the parties as Plaintiff and Defendants.

The State moves to dismiss the FAC.  D.E. 46.[3]  Aruanno opposes the Motion to Dismiss, D.E. 47 ("Motion to Dismiss Opposition" or "MTD Opp.").[4]  In his Motion to Dismiss Opposition, Aruanno also renews his previously denied motions for appointment of counsel, D.Es. 16, 32. MTD Opp. at 2, 5, 8–9.  The State replies to Aruanno's Motion to Dismiss Opposition.  D.E. 49 ("Motion to Dismiss Reply" or "MTD Reply").[5]  Aruanno also moves for recusal of the undersigned.  D.E. 52 ("Motion for Recusal" or "Mot. for Recusal").[6]  The Court decides the motions without oral argument.  *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b).

For the reasons explained below, the Court will **DENY** Aruanno's Motion for Recusal, **GRANT** the State's Motion to Dismiss ***with prejudice*** as to the State based on Eleventh Amendment immunity, **DENY** the State's Motion to Dismiss ***without prejudice*** as to the § 1983 claims against the Doe Defendants, and **GRANT** Aruanno's renewed application for appointment of pro bono counsel.

---

[3] For ease of reference, the Court refers to D.E. 46-1, the State's brief in support of its motion to dismiss, as "Motion to Dismiss" or "MTD."  The notice of motion is at D.E. 46.

[4] Aruanno's Motion to Dismiss Opposition was not timely, but the Court accepted it in the interest of justice.  D.E. 48.  The Court further notes that Aruanno's Motion to Dismiss Opposition is partially unnumbered.  Any citations thereto accordingly refer to the page number assigned by the Court's Electronic Case Management System.

[5] Aruanno also filed an unauthorized sur-reply.  D.E. 50 ("Unauthorized MTD Sur-Reply"). Because the sur-reply was filed without permission in violation of Local Civil Rule 7.1(d), the Court held that it would not consider it.  D.E. 51.

[6] Aruanno's Recusal Reply is partially unnumbered.  Any citations thereto accordingly refer to the page number assigned by the Court's Electronic Case Management System.

I.    **BACKGROUND**[7]

Aruanno initiated this action on March 19, 2021, by filing his Petition.[8]  The State answered the Petition, D.E. 10 ("Habeas Answer"), and Aruanno replied, D.E. 12 ("Habeas Reply").  On May 30, 2023, the Court dismissed the Petition with prejudice and declined to issue a certificate of appealability.  Habeas Opinion; Habeas Order.

On June 28, 2023, Aruanno appealed the Court's Habeas Opinion and Habeas Order.  D.E. 25.  As explained in n.2, *supra*, the Third Circuit reversed and remanded the Habeas Opinion and Habeas Order for consideration of Aruanno's claims under 42 U.S.C. § 1983.  *Aruanno*, 2023 WL 7547734.  The Third Circuit then issued its mandate on December 6, 2023.  D.E. 28.  This Court accordingly reopened this matter, D.E. 29, and permitted Aruanno to file an amended complaint, D.E. 30.  Aruanno filed his FAC on September 25, 2024, naming as defendants the State and Doe Defendants.  FAC at 1.

In his FAC, Aruanno alleges that over the course of his civil confinement he has been denied the statutorily required annual review hearings[9] of his continued commitment and denied counsel in pursuing certain appeals.  *Id.* at 2–3.  In Exhibit A to the FAC, Aruanno summarizes the delays he alleges he has been subject to in the past twenty years with respect to his civil commitment proceedings and annual reviews.  *Id.* at 8–9.  Aruanno seeks: (1) injunctive relief of

---

[7] The facts in this section are taken from the records on the public docket and the well-pled factual allegations in the FAC, the latter of which the Court presumes to be true for purposes of resolving the motion to dismiss.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[8] The Court initially administratively terminated the Petition because Aruanno had failed to pay the filing fee or submit an *in forma pauperis* ("IFP") application.  D.E. 2.  Aruanno subsequently filed an IFP application.  D.E. 3 ("IFP Application").  On February 14, 2022, the Court reopened the case and granted Aruanno's IFP Application.  D.E. 8.

[9] *See* N.J. Stat. Ann. 30:4-27.35 – Annual Court Review Hearing.

removal of his case from the STU courtroom to another setting (such as a county courthouse with a jury), (2) declaratory relief, and (3) punitive damages in the amount of $10 million.  *Id.* at 4.  He also maintains that "the only other possible recourse would be to release [him] to the terms of his JUDGMENT AND CONVICTION which ORDER(S) PAROLE SUPERVISION FOR LIFE. . . ." *Id.*[10]

On December 9, 2024, the State moved to dismiss the FAC with prejudice on several independent grounds.  MTD.  The State first and foremost argues that Eleventh Amendment immunity bars all claims for relief against the State.  *Id.* at 8–11.

On February 10, 2025, Aruanno filed his Motion to Dismiss Opposition.  Aruanno seeks to name the STU Administrator and Governor Phil Murphy as defendants to this action.  *Id.* at 3.  Aruanno explains that he initially attempted to bring this matter as a habeas corpus petition challenging the denial of his annual commitment reviews and denial of counsel in appellate proceedings.  *Id.* at 4.  Per Aruanno, he does not understand how to bring this case under § 1983 without counsel.  *Id.*  Aruanno therefore seeks appointment of counsel or remand to the civil commitment court to correct the alleged defects in his commitment proceedings.  *Id.* at 2, 5, 8–9.[11]

On March 14, 2025, the State filed its Motion to Dismiss Reply, renewing its request that the Court dismiss the FAC with prejudice.  MTD Reply.

---

[10] In its opinion in this matter, the Third Circuit explained that "challenges to the fact or duration of confinement, made either explicitly or by necessary implication, strike at the 'core of habeas corpus' and can be made only through the vehicle of a federal habeas petition." *Aruanno*, 2023 WL 7547734, at *1.  Thus, Aruanno may not seek such relief under § 1983.  The Third Circuit, however, also noted that success on Aruanno's § 1983 claims would "provide Aruanno the opportunity to persuade the state court that he should be released." *Id.* at *2.

[11] The Court had previously denied several motions for the appointment of counsel filed by Aruanno.  D.Es. 19, 34.

On June 3, 2025, Aruanno filed his Motion for Recusal.[12]  The State opposed Aruanno's Motion for Recusal, D.E. 54 ("Recusal Opposition" or "Recusal Opp."), and Aruanno replied, D.E. 55 ("Recusal Reply").

## II.    MOTION FOR RECUSAL

Aruanno seeks the recusal of the undersigned because (1) the Court denied Aruanno's motion for appointment of counsel and for a guardian *ad litem*;[13] (2) the case was remanded by the Third Circuit for consideration under 42 U.S.C. § 1983, which caused prejudicial delay to Aruanno; and (3) the Court determined it would not consider Aruanno's Unauthorized MTD Sur-Reply.  Mot. for Recusal at 1–2.  In his Recusal Reply, Aruanno also contends that the Court's prior rulings demonstrate a lack of competence and bias.  Recusal Reply at 3.

The Court construes Aruanno's Motion for Recusal as seeking the undersigned's recusal under 28 U.S.C. § 455(a) and (b)(1).[14]  28 USC § 455(a) provides that a "judge . . . of the United States shall disqualify h[er]self in any proceeding in which h[er] impartiality might reasonably be questioned."  Under § 455(a), a movant need not show actual bias:  the test "is whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned."  *In re Kensington Int'l Ltd.*, 353 F.3d 211, 220 (3d Cir. 2003).  § 455(b)(1), on the other hand, "is more narrow in that it requires a judge to disqualify h[er]self

---

[12] The Court received an identical duplicate motion for recusal one week later.  D.E. 53.  The Court refers to the first-filed motion for recusal, D.E. 52, throughout.

[13] The Court denied Aruanno's request for appointment of a guardian *ad litem* pursuant to Fed. R. Civ. P. 17(c) because Aruanno failed to present verifiable evidence of incompetence.  D.E. 19 at 3–4.

[14] Recusal under 28 U.S.C. § 144 requires "a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party."  Aruanno has filed no such affidavit, and therefore this section does not apply.

only if '[s]he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding.'" *Id.* (quoting 28 U.S.C. § 455(b)(1)). And unlike § 455(a), § 455(b)(1) requires that the movant establish actual bias or prejudice by showing "a favorable or unfavorable disposition or opinion that is somehow wrongful or inappropriate, either because it is undeserved, or because it rests upon knowledge that the subject ought not to possess . . . , or because it is excessive in degree." *Liteky v. United States*, 510 U.S. 540, 550 (1994). Under either subsection, recusal ultimately "lies within the sound discretion of the trial judge." *United States v. Wilensky*, 757 F.2d 594, 599–600 (3d Cir. 1985).

At bottom, the only basis on which Aruanno moves for the recusal of the undersigned is that he disagrees with the undersigned's rulings in this action. But "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555. A movant's disagreements with a judge's ruling are, instead, "proper grounds for appeal, not for recusal." *Id.* Accordingly, the Court will **DENY** Aruanno's Motion for Recusal.[15] *See Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 278 (3d Cir. 2000) (reiterating the principle that "a party's displeasure with legal rulings does not form an adequate basis for recusal" and finding no abuse of discretion in district judge's denial of recusal motion); *D'Amario v. Bailey*, 182 F. App'x 102,

---

[15] Though the Court need not justify its rulings here, the Court notes that: (1) it denied without prejudice Aruanno's first motion for the appointment of counsel, D.E. 16, based on Aruanno's extensive *pro se* litigation experience and his demonstrated ability for self-representation, and Aruanno's second motion to appoint counsel, D.E. 32, filed after the Third Circuit remand, was denied by the Hon. Leda D. Wettre, D.E. 34; (2) this Court and the Third Circuit denied Aruanno's motions to appoint a guardian ad litem based on his ineligibility, *Aruanno*, 2023 WL 7547734, at *2 n.2; (3) although the remand by the Third Circuit inevitably caused a delay in these proceedings, this was an unintended consequence of this Court's liberal construction of Aruanno's *pro se* claims as a challenge to his continued confinement under 28 U.S.C. § 2254; and (4) this Court's refusal to consider Aruanno's Unauthorized Sur-Reply was nothing more than standard application of Local Civil Rule 7.1(d)(6), which provides that "[n]o sur-replies are permitted without permission of the Judge to whom the case is assigned."

103 (3d Cir. 2006) (affirming district court's denial of recusal motion "[b]ecause the motion, to the extent that it [was] not just a collection of conclusory allegations, [was] no more than a disagreement with the legal conclusions of the District Judge").

## III.    MOTION TO DISMISS

The State moves to dismiss the FAC under Federal Rules of Civil Procedure 12(b)(1) and (6).  *See* MTD.  The Court will not address the State's arguments under Federal Rule of Civil Procedure 12(b)(6) at this juncture because the Court will permit Aruanno to amend the FAC as to claims brought against the Doe Defendants, but the Court does conclude that the claims against the State are subject to dismissal under Federal Rule of Civil Procedure 12(b)(1).

### A.    The State Is Entitled to Eleventh Amendment Immunity

"[T]he Eleventh Amendment is a jurisdictional bar which deprives federal courts of subject matter jurisdiction."  *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 693 n.2 (3d Cir. 1996). A motion to dismiss the complaint based on Eleventh Amendment immunity may properly be brought under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.  *Id.* The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 97 (1984) (quoting Eleventh Amendment).  There are "only three narrowly circumscribed exceptions to Eleventh Amendment immunity:  (1) abrogation by Act of Congress, (2) waiver by state consent to suit[,] and (3) suits against individual state officials for prospective relief to remedy an ongoing violation of federal law." *M.A. ex rel. E.S. v. State-Operated Sch. Dist. of City of Newark*, 344 F.3d 335, 345 (3d Cir. 2003).

Because none of these exceptions apply here, the State is therefore entitled to Eleventh Amendment immunity. *First*, Congress did not override Eleventh Amendment immunity by enacting § 1983 and there has therefore been no abrogation by Congress. *Quern v. Jordan*, 440 U.S. 332, 345 (1979). *Second*, the State has not consented to suit either in this particular case or more broadly. MTD at 10; *Mierzwa v. United States*, 282 F. App'x 973, 976 (3d Cir. 2008) ("The State of New Jersey has not waived its sovereign immunity with respect to § 1983 claims in federal court."). And *third*, "suits against the States and their agencies . . . are barred regardless of the relief sought" (unless one of the first two exceptions apply). *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993).

Accordingly, the Court finds that all claims against the State brought in the FAC are barred by the Eleventh Amendment and will **DISMISS** the claims in the FAC against the State ***with prejudice***.

### B.    The Court Will Not Dismiss the § 1983 Claims Against the Doe Defendants

Aruanno also brings his claims in the FAC against the Doe Defendants (John-Jane Does). The State argues that the FAC should be dismissed in its entirety to the extent that only unidentified defendants remain. MTD at 11 n.5. The Court disagrees. In his Motion to Dismiss Opposition, Aruanno suggests that he has named the STU Administrator and Governor Phil Murphy as defendants in this action, see MTD Opp. at 4, though he has not in fact named them as defendants in his FAC. Although Aruanno cannot amend his FAC through his Opposition to Motion to Dismiss, *see Commissioner of Pennsylvania. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988), the Court construes Aruanno's reference to the STU Administrator and Governor Phil Murphy in his Motion to Dismiss Opposition as suggesting that those individuals are among the Doe Defendants against which Aruanno intends to assert his § 1983 claims. The Court will accordingly afford Aruanno the opportunity to file a second amended Complaint to

name his proposed Doe Defendants, as well as any other proper defendants. The Court will also **DENY** *without prejudice* the State's Motion to Dismiss the claims in the FAC as brought against the Doe Defendants.

## IV.    MOTION FOR PRO BONO COUNSEL

The Court construes Aruanno's Motion to Dismiss Opposition as including a renewed application for appointment of pro bono counsel. Aruanno explains therein that he initially filed this case as a habeas corpus petition and that does not know how to proceed on the § 1983 claims that were remanded by the Third Circuit. *See* MTD Opp. at 5 ("without counsel [Aruanno] is having great problems clarifying this case"). Aruanno further asserts that he is in poor health, which—in combination with a lack of legal resources and writing materials—also make it difficult for him to pursue this action *pro se*. *Id.* at 2.

Pursuant to 28 U.S.C. § 1915(e)(1), a "court may request an attorney to represent any person unable to afford counsel." Aruanno was found financially eligible to proceed IFP in this action. IFP Order. He has therefore established the indigence requirement for appointment of pro bono counsel. *See Akishev v. Kapustin*, No. 13-7152, 2014 WL 12617547, at *1 (D.N.J. June 11, 2014) ("[T]he Court may, in its sole discretion, request an attorney to represent an indigent party in a civil action, provided that the party has been granted permission to proceed *in forma pauperis*. . . . ").

Along with indigence, courts determining whether to appoint pro bono counsel must consider as a threshold matter whether "the plaintiff's claim has arguable merit in fact and law." *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993). Here, the Court finds that Aruanno's claims do

have arguable merit.[16]  The Third Circuit held that Aruanno raised cognizable due process claims under § 1983 in his original complaint.  *Aruanno*, 2023 WL 7547734, at *2, and Aruanno's factual allegations in the FAC that he was denied annual review hearings and statutorily required appointment of counsel on appeal in his civil commitment review proceedings arguably "state a prima facie case," *Tabron*, 6 F.3d at 155 (quoting *Rayes v. Johnson*, 969 F.2d 700, 703 (8th Cir. 1992)).[17]  The claims in the FAC therefore have sufficient arguable merit in fact and law and the Court proceeds to consider the other factors set forth by the Third Circuit in *Tabron*.  *See id.*

A plaintiff's ability to present his or her case is a significant factor among those.  *Id.* at 156. While Aruanno's prior litigation experience generally weighs against appointment of counsel, his expressed confusion on how to proceed with his claims under § 1983, as well as his allegations of difficulties imposed by his confinement—such as inadequate law library access and lack of writing materials—weigh in favor of appointment of counsel.  *See id*.  The Court further notes that Aruanno's poor health may also affect his ability to present a case with complex issues of immunity and may undermine his ability to investigate and comply with discovery rules.  *Id.* at 156.  The Court will accordingly **GRANT** Aruanno's request for appointment of pro bono counsel.

V.    **CONCLUSION**

For the reasons stated above, Aruanno's Motion for Recusal is **DENIED**; the State's Motion to Dismiss with prejudice is **GRANTED** as to the claims in the FAC against the State and **DENIED** *without prejudice* as to the claims in the FAC against the Doe Defendants; Aruanno's

---

[16] For the avoidance of doubt, the Court's findings in this Opinion should not be read to suggest that a second amended complaint would necessarily survive a motion to dismiss.

[17] While the State of New Jersey is immune from suit here, Aruanno also named Doe Defendants in the FAC, which gives him an opportunity to identify proper defendants and seek appropriate relief.  *See supra* Section III.

renewed application for appointment of pro bono counsel is **GRANTED**; and Aruanno is

**GRANTED** leave to file a second amended complaint after pro bono counsel enters an appearance

in this matter.

An appropriate Order follows.

Dated: September 23, 2025

Evelyn Padin, U.S.D.J.